[No. E038124. Fourth Dist., Div. Two. Sept. 29, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER CARR, Defendant and Appellant.

## COUNSEL

Jamie L. Popper, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons and Jeffrey J. Koch, Assistant Attorneys General, and Pamela Ratner Sobeck, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

RAMIREZ, P. J.—

FACTUAL AND PROCEDURAL BACKGROUND[1]

Pursuant to a written plea agreement executed and filed January 4, 2005, defendant pled guilty to carjacking in violation of Penal Code section 215[2] and was sentenced to nine years in state prison. The plea agreement provided defendant would be released on his own recognizance and resentenced to a reduced term of 365 days to be served on weekends if (1) certain conditions were met; and (2) he appeared in court for the resentencing on February 22, 2005 (*Vargas* waiver).[3] One of the conditions in the plea agreement was that defendant "[n]ot violate any law" while released on his own recognizance.

Prior to the date defendant was to reappear for the pronouncement of judgment, he was arrested by police when his girlfriend accused him of grabbing her by the neck and threatening to kill her. As a result of the arrest, defendant was brought before the court on February 8, 2005, for being in violation of the plea agreement, and the February 22, 2005, sentencing hearing was continued. Defendant later requested a full hearing on the alleged violation of his plea agreement. On May 2, 2005, following an evidentiary hearing, the court found defendant violated the plea agreement and, as a result, did not resentence him to the lower term of 365 days. The court additionally denied defendant's petition for writ of error *coram nobis* which requested that the court allow him to withdraw his guilty plea.

Defendant appeals, contending the trial court's finding he violated his plea agreement should be reversed because (1) he was not given sufficient notice concerning the alleged violation of the plea agreement; and (2) the trial court did not make sufficient findings to justify its conclusion defendant violated the plea agreement. Based on the Supreme Court's recent decisions in *United States v. Booker* (2005) 543 U.S. 220 [160 L.Ed.2d 621, 125 S.Ct. 738] and *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (collectively *Blakely*), defendant also argues his sentence should be reversed

---

[1] A discussion of the facts of the underlying offense is not necessary to the determination of the issues on appeal.

[2] All further statutory references will be to the Penal Code unless otherwise indicated.

[3] The parties refer to this arrangement as a "*Vargas* waiver" based on the approval of a similar plea agreement in *People v. Vargas* (1990) 223 Cal.App.3d 1107 [273 Cal.Rptr. 48] (*Vargas*).

because the trial court violated his constitutional right to a jury trial when it determined he violated his *Vargas* waiver. In addition, defendant argues his sentence should be reversed because the trial court failed to recognize and exercise its discretion to consider imposing the reduced sentence of 365 days.

## DISCUSSION

*Due Process*

Defendant relies on due process protections afforded under the federal and state Constitutions in support of his claims of inadequate notice and insufficient findings. According to defendant, he is entitled to the same protections required when probation is revoked because the two situations are legally similar. The People contend these two situations are not analogous, but cite no case law in support of this position.

Defendant bases his comparison on the holding in *People v. Superior Court (Roam)* (1999) 69 Cal.App.4th 1220, 1230 [82 Cal.Rptr.2d 119] *(Roam)*. *Roam* did not involve a *Vargas* waiver but the court's suspension of the imposition of sentence and the release of the defendant on "supervised own recognizance" expressly to allow the defendant to attend a rehabilitation program. *(Roam, supra,* at p. 1229.) The appellate court in *Roam* held that this arrangement was the equivalent of an informal grant of probation. *(Id.* at p. 1230.) This case is distinguishable because here the court imposed sentence and suspended execution of the sentence in accordance with defendant's plea agreement and *Vargas* waiver. Furthermore, defendant's sentencing arrangement and release are based upon well-developed case law, none of which imposes the due process requirements of cases involving revocation of probation. (See, e.g., *People v. Masloski* (2001) 25 Cal.4th 1212, 1222–1224 [108 Cal.Rptr.2d 484, 25 P.3d 681]; *People v. Casillas* (1997) 60 Cal.App.4th 445 [70 Cal.Rptr.2d 290]; *Vargas, supra,* 223 Cal.App.3d 1107.) Defendant cites no legal authority, and we have found none, which expressly applies the due process requirements of probation revocation cases involving a *Vargas* waiver.

*Notice Regarding Violation of the Plea Agreement*

Defendant first argues the trial court did not provide him with adequate notice of the specific term of the *Vargas* waiver he violated so he could prepare a defense. The People contend defendant was given sufficient notice as demonstrated by the record. We agree.

Defendant was clearly notified in the written plea agreement and in open court of the consequences of entering into the plea agreement and of violating the law while released on his own recognizance. Defendant initialed all applicable paragraphs on the plea form and then signed the form.

Specifically, paragraph 9 of the plea form describes the agreed sentence of nine years in state prison to be reduced to 365 days to be served in the county jail on weekends if defendant abides by the terms of the plea agreement.

Additionally, paragraph 16 of the written plea agreement contains the *Cruz*[4] waiver, which, in pertinent part, states as follows: "I understand and agree as part of this plea bargain agreement to be released upon my own recognizance . . . , and as a condition of my release, I will: [¶] . . . [¶] c. Appear in court for sentencing, or any other date set by the court. [¶] d. *Not violate any law (excluding infractions) between today and the date of sentencing.* [¶] . . . [¶] g. If I violate any of the above conditions in paragraph 16a–16f, I then agree the court will no longer be bound by this plea bargain and I would not have any right to withdraw my plea. *I further understand and agree that any willful violation of these terms will be decided by the sentencing judge without a jury and by a preponderance of the evidence.* I further understand and agree, that if the court finds any willful violation of these terms, the court will be free to impose any greater sentence than expressly stated in this agreement, up to the maximum penalty for each offense and enhancement to which I am pleading guilty/no contest or admitting, and I will not have any right to withdraw my plea." (Italics added.)

Paragraph 17 of the written plea agreement states as follows: "*Vargas Waiver* (if applicable). I understand that I am being sentenced today pursuant to the initial terms stated in paragraph 9. If I comply with the conditions set forth in numbers 16a, 16b, 16c, 16d, 16e and 16f, and any other terms as ordered, the court will resentence me pursuant to the remainder of the terms described in paragraph 9."

At the preliminary hearing, the trial court reviewed the terms of the written plea agreement with defendant on the record to be certain he understood them. In addition, the trial court accepted the written plea agreement and imposed the agreed sentence of nine years, stating: "You are going to be given a *Vargas* waiver. You are going to be released today. And you are going to return on the twenty-second of February for pronouncement of judgment at which time the sentence is to be reduced to three hundred and sixty-five

---

[4] *People v. Cruz* (1988) 44 Cal.3d 1247 [246 Cal.Rptr. 1, 752 P.2d 439].

days. . . ." In addition, defendant indicated his understanding that he was to violate absolutely no laws during his release and that if he violated his *Vargas* waiver he would have no right to withdraw his plea.

The minute order of February 8, 2005, specifically states defendant was brought before the court "[b]ased on the preliminary hearing" in the new case (*People v. Carr* (Super. Ct. San Bernardino County, 2005, No. FSB047960)).[5] According to the minute order, the court vacated the February 22, 2005, sentencing hearing, scheduled a further hearing for February 15, 2005, and remanded defendant into custody stating the reason as "[v]iolation of *Vargas*." Although the record does not include a transcript of the hearing of February 8, 2005, the minute order unmistakably indicates the reason defendant was brought before the court—he was facing criminal charges in another case which, if proven, would be a violation of his *Vargas* waiver agreement.

Defendant requested and was granted a formal hearing "regarding the alleged *Vargas* waiver violation." (Capitalization omitted.) There is nothing in the record to suggest there was any confusion concerning the matters to be considered at the formal hearing. Rather, the court heard, without objection, testimony by a key prosecution witness concerning the incidents leading to the new arrest and additional criminal charges. Defense counsel was not only prepared to cross-examine the prosecution's witness at the hearing but was also ready to present testimony by a defense witness who did not appear as ordered. The court continued the hearing until May 2, 2005, so defendant's missing witness could be located. Defense counsel's summation at the hearing indicates defendant was aware that the *Vargas* waiver violation was based on his violations of law as charged in *People v. Carr, supra*, No. FSB047960. In short, defense counsel's readiness on April 28 and May 2, 2005, clearly demonstrates notice and familiarity with the matters at issue.

In sum, the record demonstrates defendant had adequate notice and ample opportunity to prepare and mount a defense to the allegation he violated his *Vargas* waiver by breaking the law. Nothing in the *Vargas* line of

---

[5] The record does not include documentation from *People v. Carr, supra*, No. FSB047960. A single reference in the record does state defendant was charged on January 17, 2005, with making a terrorist threat (§ 422); assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)); out on own recognizance (§ 12022.1); strike offense (§ 1170.12, subd. (a)); serious prior (§ 667, subd. (a)(1)); and prison prior (§ 667.5, subd. (b)). Defendant does not dispute he was charged with these offenses on January 17, 2005. Nor has defendant submitted anything indicating he did not receive the due process protections routinely afforded criminal defendants in connection with the charges in case No. FSB047960, including written notice of the pending charges.

cases requires a formal petition detailing the violation. As a result, there was no violation of due process.

*Trial Court's Findings*

Defendant argues the trial court violated due process and committed reversible error because it did not sufficiently explain its reasons for finding he violated his plea agreement. More specifically, defendant complains the trial court did not state what law he violated or what conduct was a violation of his plea agreement. As a result, defendant argues it is unclear whether sufficient evidence supports the court's determination. The People contend the reasons stated by the trial court on the record following the evidentiary hearing are sufficient to support the court's finding that defendant violated his plea agreement by breaking the law.

■ Relying once again on similarities between the circumstances at issue in this case and the revocation of probation, defendant contends the trial court's brief statement of reasons on the record immediately following the presentation of evidence is not enough to satisfy due process. According to defendant, due process requires a detailed and written statement of reasons. Nothing in the *Vargas* line of cases requires the court to make a detailed, written statement of reasons for finding defendant in violation of his *Vargas* waiver.

Moreover, defendant's argument is unconvincing because the evidence presented at the hearings on April 28, 2005, and May 2, 2005, is sufficient to support the trial court's finding defendant violated the *Vargas* waiver. Ieasha Chaney testified that on January 17, 2005, she called the police two times to report that defendant was beating her up, but testified that she was lying at the time. The People introduced the tapes and transcripts of the 911 calls. Chaney told the dispatcher that defendant was trying to choke her and had threatened to kill her. The police officer who responded to Chaney's phone calls testified Chaney appeared frightened and told him defendant had tried to choke her and had threatened to strangle her. The trial court explained its decision was based on matters of credibility and gave legitimate reasons for its credibility determination. From this evidence, a reasonable trier of fact could conclude, based on a preponderance of the evidence, that defendant committed an assault and/or issued a terrorist threat as charged in *People v. Carr, supra*, No. FSB047960.

*Sentence*

Defendant argues that the trial court had discretion to consider imposing the lower sentence of 365 days agreed to in the plea agreement even after it concluded defendant violated the "break no laws provision" of the *Vargas* waiver. Defendant contends that because the trial court did not exercise or even acknowledge its discretion, his sentence should be reversed and the case remanded for the court to exercise its discretion. Defendant does not deny that his plea bargain stipulated imposition of a nine-year prison term which would be reduced to 365 days in jail if he appeared for sentencing and did not commit another offense in the interim. Instead, he argues the trial court failed to recognize that it was not required to impose the bargained sentence. The People argue the trial court did not have discretion to reduce defendant's sentence after approving the plea agreement and finding a violation thereof.

In supplemental briefing, defendant also argues his sentence violates his constitutional right to a jury trial because he was entitled under *Blakely* to have a jury, not the sentencing judge, determine whether he violated paragraph 16(d), the "break no laws provision," of his plea agreement.[6] According to defendant, *Blakely* applies because the trial court's determination as to whether he violated his *Vargas* waiver is the functional equivalent of deciding whether there are aggravating factors to justify imposing the statutory maximum sentence of nine years. Defendant's argument is made in spite of paragraph 16(g) of his plea agreement stating he agreed to have any alleged violations of the "break no laws provision" decided by a judge, not a jury. Based on a strained interpretation of his plea agreement, defendant contends paragraph 16(g) does not apply to his *Vargas* waiver, even though his *Vargas* waiver requires him to comply with the itemized list of conditions in paragraph 16, including the "break no laws provision" in paragraph 16(d). The People argue *Blakely* is not implicated because defendant pled guilty in exchange for a specified sentence.

These sentencing issues are not reviewable on appeal because defendant did not obtain a certificate of probable cause from the trial court. (Cal. Rules of Court, rule 30(b)(1); see § 1237.5.) Defendant contends a certificate of probable cause is not required because he is only challenging sentencing matters which occurred after his guilty plea was entered, and because he is

---

[6] In *Blakely*, the United States Supreme court "held that a defendant in a criminal case is entitled to a jury trial on any fact that increases the maximum sentence to which the defendant is exposed for a particular offense, unless that fact has been admitted by the defendant or is based on the defendant's prior convictions." (*People v. Black* (2005) 35 Cal.4th 1238, 1246 [29 Cal.Rptr.3d 740, 113 P.3d 534], citing *Blakely, supra,* 542 U.S. 296.)

not attacking the validity of his guilty plea. Although defendant does not purport to challenge the validity of his guilty plea, he is challenging the sentence which he negotiated as part of the plea bargain. Thus, he attacks an integral part of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5 and California Rules of Court, rule 30(b). (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094–1099 [81 Cal.Rptr.2d 301, 969 P.2d 146]; *People v. Panizzon* (1996) 13 Cal.4th 68, 74–76, 79, 89 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) Because defendant failed to adhere to these requirements, his attack on the validity of the plea is not reviewable on appeal. (*Ibid.*)[7]

Arguing this case is analogous to cases such as *People v. Buttram* (2003) 30 Cal.4th 773, 782 [134 Cal.Rptr.2d 571, 69 P.3d 420], involving plea agreements which provide for an agreed *maximum* term, defendant contends a certificate of probable cause is unnecessary because he agreed to a maximum sentence of nine years and a minimum sentence of 365 days as long as certain conditions were met. Defendant misstates the plea agreement and ignores the plea bargain's two-tiered sentencing. The agreement was to sentence him to a prison term of nine years and, if he returned on a certain date and did not violate any law in the interim, he would be resentenced to 365 days in jail on weekends. As a result, the trial court had no discretion to resentence defendant to the lower sentence after it determined that defendant had violated his *Vargas* waiver. Thus, the trial court merely implemented the reasonable expectations of the parties.

The People also argue defendant waived his right to challenge his sentence under *Blakely* because he did not object on this basis in the trial court even though *Blakely* had already been decided. However, this issue is moot given our conclusion defendant's sentence is not reviewable for failure to obtain a certificate of probable cause. (See, e.g., *People v. Zandrino* (2002) 100 Cal.App.4th 74, 86, fn. 8 [121 Cal.Rptr.2d 879] [appellate courts need not render opinions on questions when "no substantial rights can be affected by the decision either way"].)

---

[7] Defendant acknowledges that our Supreme Court essentially decided the *Blakely* issue adversely to him in *People v. Black, supra*, 35 Cal.4th at page 1244, and that *Black* is controlling, but he raises the issue to preserve it for federal court review. On February 21, 2006, the United States Supreme Court granted certiorari in *People v. Cunningham* (Apr. 18, 2005, A103501) (nonpub. opn.), certiorari granted *sub nom. Cunningham v. California* (2006) 546 U.S. 1169 [164 L.Ed.2d 47, 126 S.Ct. 1329] to consider whether California's determinate sentencing law unconstitutionally allows judges to impose enhanced sentences based on facts not found true by the jury. Assuming, arguendo, *Blakely* would be implicated under the facts at issue in this case, and if the matters raised in defendant's supplemental briefing were reviewable, we would be required to follow the holding in *Black*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

## DISPOSITION

The judgment is affirmed.

Hollenhorst, J., and McKinster J., concurred.

A petition for a rehearing was denied October 30, 2006, and appellant's petition for review by the Supreme Court was denied January 17, 2007, S147906. Moreno, J., did not participate therein.