Filed 5/3/13  P. v. Vidana CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056140 |
| v. | (Super.Ct.No. FVA1101579) |
| ARTHUR VIDANA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed as modified with directions.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Arthur Vidana, Jr., pled no contest to unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a),

1

count 1), sale or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a), count 3), and possession of a controlled substance (Pen. Code, § 4573.6, count 5).[1]  As to count 1, defendant also admitted the allegation that he was previously convicted of a vehicle theft crime.  (Pen. Code, § 666.5.)  As to count 3, he admitted that he had a previous drug conviction.  (Health & Saf. Code, § 11370.2, subd. (c).) Defendant further admitted that he had one prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and that he had served three prior prison terms (Pen. Code, § 667.5, subd. (b)).  The plea agreement included a *Vargas*[2] waiver, which specified that defendant would be sentenced to 18 years in state prison on the day of the plea, that he would be temporarily released from custody, and that the court would resentence him to eight years in state prison if he returned to court on a certain date.[3] Defendant failed to appear on the date required.  He subsequently filed a motion to withdraw his plea, which the court denied.  The court then found that he willfully violated his *Vargas* agreement and imposed the 18-year sentence.

On appeal, defendant contends:  (1) the court improperly denied his motion to withdraw his plea; (2) there was insufficient evidence to support the court's finding that

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

[2]  *People v. Vargas* (1993) 13 Cal.App.4th 1653.

[3]  The sentence consisted of four years on count 1 (with the admission of the § 666.5 allegation), one year on count 3, and one year on count 5, all doubled pursuant to the strike conviction, plus one year for each of the three prison priors and three years for the admission of the prior drug conviction (Health & Saf. Code § 11370.2, subd. (c)).

he willfully violated the terms of the *Vargas* agreement; and (3) he is entitled to additional presentence custody credits under section 4019. The People concede, and we agree, that defendant is entitled to additional presentence custody credits. We accordingly modify the judgment with regard to the calculation of credits. We also remand the matter with instructions regarding the dismissal of counts 2 and 4. In all other respects, we affirm the judgment.

FACTUAL BACKGROUND

The parties stipulated that there was a factual basis for the plea. Defendant stole the vehicle of a woman he was dating. The police conducted a traffic stop on the vehicle, since it was alerting a "LoJack" signal. The police conducted a search of the car, and found a scale and methamphetamine. Defendant also had methamphetamine on his person.

ANALYSIS

I. The Trial Court Properly Denied Defendant's Motion to Withdraw His Plea

Defendant contends that the court improperly denied his motion to withdraw his plea, based on its mistaken belief that motions to withdraw can only be granted before judgment is imposed. Acknowledging that the court, in any event, ruled on the merits of the motion, he further argues that the court erroneously made its ruling without allowing him to present any evidence. We find no error.

A. *Relevant Background*

At the plea hearing on October 27, 2011, the court reviewed the consequence of defendant's plea with him and explained that it was going to sentence him to 18 years in

3

state prison that day, with the understanding that he was going to be released on a *Vargas* waiver. The court explained that if he returned to court on November 29, 2011, it would resentence him to eight years in state prison. Defendant responded that he understood everything. He then pled no contest to counts 1, 3, and 5 and admitted the prior strike allegation, the prior prison allegations, and the allegation that he had a prior conviction for vehicle theft. The court accepted defendant's plea and admissions, and found that they were knowingly entered by defendant. The court sentenced defendant to 18 years, and told him he was being released that day. The court warned defendant: "[I]f you get in trouble at all, you're looking at 18 years rather than what's been agreed upon of eight years for you[r] re-sentencing." Defendant acknowledged that he understood. The court reiterated to defendant that he "must be in court for [his] sentencing date that [the court] gave to [him], the 29th of November, at 8:30 in Department 6, upstairs." Defendant confirmed that he understood and the court then released him.

Defendant failed to appear in court on November 29, 2011 at 8:30 a.m., and the court issued a bench warrant. He did not return to court until December 12, 2011, when he was in custody. The hearing was continued until January 13, 2012, at which time defendant announced that he wanted to withdraw his plea. The court appointed new counsel for the purpose of a plea withdrawal motion, and set a hearing on the motion for March 16, 2012. Defendant filed a written motion and attached a declaration and letter.

At the outset of the hearing on the motion to withdraw, the court stated that it read and considered the moving papers, as well as the transcript of the plea hearing. The court stated that defendant was not eligible to withdraw his plea, since he had already been

4

sentenced. The court then read the relevant portion of section 1018 and stated for the record that it did not believe defendant was eligible to withdraw his plea under section 1018, "based on the fact that Judge Morris actually sentenced him at the time that he entered into his plea." The court also noted that the plea agreement specifically indicated, under the *Vargas* waiver section that defendant initialed, that he would not have any right to withdraw his plea.

Furthermore, the court ruled on the merits of the motion. It found that defendant "went into the plea bargain agreement with both eyes wide open." The court noted that defendant was told that he was going to be sentenced to 18 years, and that certain conditions would have to be met for the sentence to be modified. The court noted that defendant acknowledged the *Vargas* waiver and that he initialed the portion stating that he would not have any rights to withdraw his plea. The court further noted that defendant said he was not threatened to enter the plea agreement, and his attorney explained the contents of the agreement to him. The court stated that defendant understood the agreement and was now feeling "buyer's remorse" since there was an allegation that he violated his *Vargas* waiver. Therefore, the court denied the motion.

B. *Relevant Law*

Section 1018 provides, in relevant part: "On application of the defendant at any time *before judgment* or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Italics added.) In

5

other words, a guilty plea may be withdrawn any time before judgment for good cause shown. (§ 1018; *People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796.) Mistake, ignorance, fraud, duress or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea, but must be shown by clear and convincing evidence. (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

"A decision to deny a motion to withdraw a guilty plea "'rests in the sound discretion of the trial court'" and is final unless the defendant can show a clear abuse of that discretion. [Citations.] Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them. [Citation.]" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) The burden is on the defendant to establish good cause by clear and convincing evidence. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

C. *The Court Properly Denied the Motion to Withdraw*

Section 1018 expressly limits the time in which a defendant may apply to withdraw his guilty plea to the period "before judgment." "In a criminal case, judgment is rendered when the trial court orally pronounces sentence. [Citations.]" (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn 9.)

Here, the court rendered judgment on October 27, 2011, when it pronounced the sentence of 18 years in state prison. Defendant filed his motion to withdraw his guilty plea after judgment was rendered, and the six-month provision does not apply to this case. (§ 1018.) Thus, the court properly denied defendant's motion to withdraw as untimely.

Furthermore, the court did not abuse its discretion in denying the motion to withdraw on the merits. The court explicitly stated that it read and considered the written motion and the plea hearing transcript. Attached to the motion was a declaration in which defendant claimed he "was not in [his] right state of mind" when he entered the plea agreement, and he was coerced by the district attorney into accepting the agreement. He claimed that his wife was diagnosed with pancreatic cancer immediately following his arrest, and that his only thought was to "get out and get to her" since she had no other family. Defendant said he had hospital papers and doctor statements "confirming all information [and] dates." However, none were attached to the motion.

It is the exclusive function of the trier of fact to assess the credibility of witnesses. (See *People v. Barnes* (1986) 42 Cal.3d 284, 306.) The trial court evidently did not believe defendant's claim of duress, and the record provides no basis for differing with this evaluation of credibility. Both in the change of plea form and orally, in response to the court's questions, defendant stated that he understood what he was doing, that no one was forcing him to plead guilty, and that no promises had been made, other than that he would be sentenced to 18 years that day, released, and then resentenced to eight years upon his return. Furthermore, defense counsel indicated in the plea agreement that she personally read and explained the contents of the plea agreement to defendant.

Defendant argues that the trial court was mistaken in its belief that he was not eligible to withdraw his plea postjudgment. While courts have allowed postjudgment motions to withdraw a guilty plea, "the courts have required a showing essentially identical to that required under Penal Code section 1018: '[W]here on account of duress,

fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty . . . .' [Citation.]" (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617, italics omitted.) As discussed *ante*, the evidence did not support a finding of duress or any other fact overreaching defendant's free will and judgment when entering his plea.

In sum, the court did not abuse its discretion in denying defendant's motion to withdraw his plea.**4**

II. The Trial Court Properly Concluded That Defendant Willfully Violated the Terms of

His *Vargas* Agreement

Defendant argues that the court erred in finding that he willfully violated the terms of his *Vargas* agreement. We disagree.

A. *Relevant Background*

Defendant failed to appear in court on November 29, 2011 at 8:30 a.m., as instructed pursuant to his *Vargas* agreement. Thus, the court issued a bench warrant. Defendant did not return to court until December 12, 2011, when he was in custody.

On April 16, 2012, the court held a hearing on the *Vargas* violation. Defendant's girlfriend, Denise Chavez, testified that around 6:00 a.m. on November 29, 2011, she and

---

**4** We acknowledge defendant's argument that he did not waive his right to withdraw his plea, as well as the People's response. However, in light of our conclusion, we find it unnecessary to address that argument.

defendant took the bus to the emergency room at a hospital in Pomona because she was sick. Chavez said they left the hospital a few hours later because defendant had to return to the courthouse that day. They arrived at the courthouse at 3:00 p.m. and were told they were late. They waited for a while, but left because she was feeling sick. Chavez testified that she had been seeing a doctor, and that all she knew was she had a growth that was possibly a tumor. She said she was still waiting on some test results to come back.

On cross-examination, Chavez testified that she brought some medical documentation to court that day, including a radiology report dated November 8, 2011. She confirmed that the report showed she did not have any kind of growth. She testified that her pancreas was normal in appearance, that her liver was not enlarged, and the document indicated that, if anything, she might have a gallbladder wall polyp. Chavez testified that she did not provide any medical documentation for her hospital visit on November 29, 2011. She said that they left before she "was able to get seen all the way."

Defendant also testified at the hearing. He said that on November 29, 2011, he and Chavez were at the hospital until noon, then they took the bus to the courthouse. When they arrived, the bailiff told them to sit outside, although they were already late. They waited for 40 minutes and then left. Defendant testified that after that, Chavez "kept going in and out back to the hospital." Nine days later, Chavez's father called the police to pick defendant up. Defendant said he knew Chavez's father was calling the police. On cross-examination, defendant testified that he did not have any medical problems himself on November 29, 2011, and that he knew he was supposed to be in

9

court that day. The prosecutor asked about the letter dated January 20 that was submitted with his motion to withdraw; it stated that Chavez had a growth in her pancreas, which was diagnosed as cancer. Defendant said someone else wrote that letter for him. However, he admitted that it had his signature on it. Defendant also admitted that he wrote the declaration that was also submitted with the motion, in which he stated he was not in his right mind when he entered the plea. The declaration also stated that his "wife" was diagnosed with pancreatic cancer.

After the parties submitted, the court found defendant in willful violation of the terms of his *Vargas* agreement, based on the facts that he failed to return to court on November 29, 2011, and he did not return to court until he was placed in custody on December 10, 2011. The court noted that there were many opportunities for defendant to come into court, and that his declaration was inconsistent with the testimonies in court. The court specifically noted that there was no medical documentation to support the claim that defendant was at the hospital on November 29, 2011, and there was no evidence whatsoever to indicate that Chavez had pancreatic cancer. Therefore, the court stated that the 18-year sentence that was previously imposed would remain.

B. *The Court Properly Found That Defendant Willfully Violated His Vargas Agreement*

The evidence presented at the hearing on April 16, 2012 was sufficient to support the court's finding that defendant willfully violated his *Vargas* agreement.

The *Vargas* waiver in defendant's plea agreement specified that defendant would be sentenced to 18 years in state prison, that he would be temporarily released from

10

custody and, provided he returned to court on November 29, 2011, the court would resentence him to eight years in state prison. At the change of plea hearing, the court explicitly informed defendant that he needed to be in court on November 29 at 8:30 a.m., and defendant stated that he understood.

As discussed *ante*, defendant submitted a declaration in support of his motion to withdraw, in which he claimed his "wife" had a growth in her pancreas that had been diagnosed as cancer. However, both defendant's and his girlfriend's testimonies contradicted that claim. Chavez said she was defendant's girlfriend, not his wife, and she testified that she had not actually been diagnosed with anything. She said her pancreas was normal, and that she might have a gallbladder wall polyp. She also admitted that there was no medical documentation to support the claim that she was at the hospital on November 29, 2011. Defendant admitted that he knew he was supposed to be in court on November 29, and that he did not have any medical injuries on that day. When asked about the inconsistencies between Chavez's testimony and the letter that was submitted with his motion to withdraw, defendant simply denied having written the letter. However, he admitted writing the declaration that was submitted, which also claimed that Chavez was diagnosed with pancreatic cancer. Moreover, although defendant stated in his declaration that he had hospital papers and doctor statements confirming everything, there was no documentation to support a cancer diagnosis or that he was at the hospital on November 29. Furthermore, as noted by the court, defendant had many opportunities to return to court on his own in the days following November 29, but failed to do so.

11

On this record, a reasonable trier of fact could easily conclude, based on a preponderance of the evidence, that defendant willfully violated the terms of his *Vargas* agreement by failing to appear in court as instructed. (*People v. Carr* (2006) 143 Cal.App.4th 786, 792 [Fourth Dist., Div. Two].)

### III.  Defendant Is Entitled to Additional Conduct Credits

The parties agree that defendant is entitled to one-for-one conduct credits under the version of section 4019 that was in effect when he committed his crimes. Therefore, we will direct the trial court to credit defendant with an additional 74 days of local conduct credit.

Section 4019 was amended, operative October 1, 2011, pursuant to the Criminal Justice Realignment Act. (Stats. 2011, ch. 15, § 482.) The amendment changed the accrual rate of section 4019 credits. Defendants are now eligible to earn two days of credit for every two days served in custody. (§ 4019, subd. (f).) The new credits in section 4019 are available only to defendants who committed their crimes on or after October 1, 2011. (§ 4019, subd. (h).)

Defendant is entitled to conduct credits under the amended statute because he committed his crimes on or about October 9, 2011, which is after the amended law went into effect. Accordingly, he should have received two days of conduct credit for every two days spent in custody. The court found that he had 149 actual days, and it awarded him 74 days of conduct credit. He is entitled to an additional 74 days of conduct credit. (See *In re Marquez* (2003) 30 Cal.4th 14, 25-26.)

12

IV.  The Matter Should Be Remanded to Strike Counts 2 and 4

Although not raised as an issue by the parties, we note that the plea agreement did not mention the dismissal of counts 2 and 4, and neither the court nor the parties mentioned the counts at the plea/sentencing hearing or the *Vargas* hearing.  The parties apparently intended for the counts to be dismissed.  We will remand the matter for the record to be corrected to reflect the dismissals.

The plea agreement stated that the complaint charged defendant with the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 1), receiving stolen property (Pen. Code, § 496d, subd. (a), count 2), sale or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a), count 3), possession of a controlled substance for sale (Health & Saf. Code, § 11378, count 4), and possession of a controlled substance (Pen. Code, § 4573.6, count 5).  It also stated that defendant desired to plead guilty/no contest to counts 1, 3, and 5.  However, the plea agreement did not mention that counts 2 and 4 were to be dismissed.  The court sentenced defendant as agreed under the plea bargain.  He was not sentenced on counts 2 and 4.  There was no reference by the parties or the court to counts 2 and 4 at the change of plea/sentencing hearing, or at the *Vargas* violation hearing when the court ordered that the sentence previously imposed remain.

It appears that the parties intended counts 2 and 4 to be dismissed since neither party objected to the court's sentence.  However, the court never actually dismissed these counts.  Notwithstanding the oral pronouncement of judgment, the minute order from the *Vargas* hearing reflects that, on motion of the People and pursuant to the plea agreement,

13

the court dismissed counts 2 and 4.  In the interest of completeness and accuracy, we will remand the cause for the People to add a term to the plea agreement, stating that counts 2 and 4 are to be dismissed.  (See § 1260 [reviewing court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"].)  We will also direct the trial court to hold a hearing to enforce the terms of the amended plea agreement.

## DISPOSITION

The matter is remanded for the People to add a term to the plea agreement to dismiss counts 2 and 4.  The trial court is directed to hold a hearing to enforce the terms of the amended plea agreement.  Furthermore, the judgment is modified to award presentence conduct credits of 297 days, consisting of 149 days of actual custody time, plus 148 days of presentence conduct credit pursuant to section 4019.  The superior court clerk is directed to generate a new minute order and abstract of judgment reflecting this modification and to forward a copy of the amended abstract of judgment and minute order to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

RICHLI
J.

14