Filed 2/19/15  P. v. Valdez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055739 |
| v. | (Super.Ct.Nos. FVA025450, FVA024228 & FVA024860) |
| JESSE VALDEZ, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION[1]

In November 2009, defendant and appellant Jesse Valdez pleaded guilty in one case (FVA025450) to grand theft and admitted two strike priors. He also pleaded guilty in a second case (FVA024228) to two counts of possession of a controlled substance and admitted the same strike priors. Defendant agreed to a third strike sentence in each case—50 years to life in the one case, consecutive to 25 years to life in the other case—for a combined sentence of 75 years to life.

In exchange for his pleas, other charges were dismissed. Defendant was released on his own recognizance under a *Cruz/Vargas*[2] waiver, requiring that he violate no laws while released, and comply with additional terms, including that he cooperate in the prosecution of another individual.[3] The court suspended execution of the sentence subject to later modification, which apparently would happen after defendant had cooperated in the other prosecution.

While defendant was on release, he used a gun to rob an elderly woman in her home. After an evidentiary hearing, the court reinstated the previously suspended 75-year sentence because defendant had violated the terms of the plea agreement.

---

[1] All statutory references are to the Penal Code unless stated otherwise.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247; *People v. Vargas* (1990) 223 Cal.App.3d 1107.

[3] The details of the other prosecution are not part of the record on appeal.

On appeal, defendant maintains that his convictions must be reversed, because the court could not suspend the sentence it imposed as part of his guilty pleas. Defendant further argues that the court did not have jurisdiction to lift the suspension and impose the previously agreed-upon sentence because the court actually imposed judgment at the time of the plea and did not grant him probation. Defendant also contends he received ineffective assistance because his counsel did not ask for dismissal of the prior strikes. Finally, defendant urges his sentence should be vacated and the matter remanded for resentencing under the Three Strikes Reform Act of 2012. We reject these contentions and affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

A. *The November 24, 2009, Plea Agreement*

Because defendant pleaded guilty, the underlying facts are not relevant to the sentencing issues. We briefly note that defendant's offenses involve him being stopped by the police in February 2005, while possessing a usable quantity of heroin, and in May 2005, while possessing a usable quantity of methamphetamine. In April 2005, defendant cashed a $1,000 check that was made out to his mother-in-law not to him.

On November 24, 2009, defendant pleaded guilty to grand theft (§ 487, subd. (a)) and admitted one strike prior for shooting at an inhabited dwelling house with a gang enhancement (§§ 246/186.22), and another for manslaughter. (§ 192.) He also pleaded guilty to two counts of possession of a controlled substance (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a)), and again admitted the two strike priors.

3

In exchange, the prosecutor agreed to dismiss an additional count of possession of a controlled substance, two counts of willful failure to appear for a felony charge, one burglary count, one possession of a forged check count, two sentence enhancements, and two prison priors.

The court agreed to impose a three strikes sentence—50 years to life in FVA024228, consecutive to 25 years to life in FVA025450—with a *Cruz/Vargas* waiver permitting defendant to be released on his own recognizance. Defendant agreed not to violate any laws and to comply with additional terms of his release as set forth in sealed addendum to the plea agreement. The addendum set forth a number of conditions, including that defendant cooperate in the prosecution of another individual by testifying truthfully at trial and during any investigation process. If defendant adhered to the terms of the plea agreement while released—not commit any new crimes and cooperate in the separate prosecution—defendant would be eligible, in the court's discretion, to have his sentence modified. A finding by the court that defendant failed to comply with any of the terms of the agreement would result in incarceration in state prison for a term of 75 years to life, plus possible additional charges and punishment.

All of the foregoing considerations were fully discussed by the court with defendant. The court confirmed with defendant that he was entering the pleas knowingly and voluntarily, and because it was in his best interests to do so. The court emphasized— and defendant specifically acknowledged—that the court was actually imposing the aggregate sentence of 75 years to life on the day the pleas were entered and that, if defendant did not follow the terms and conditions of the waiver and his release, he would

4

serve the sentence of 75 years to life. Additionally, defendant agreed in writing to "waive and give up any right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain."

After taking defendant's pleas, the court denied probation and imposed the two sentences of 50 years and 25 years to life. The court suspended execution of the sentences and released defendant on his own recognizance under the conditions specified in the plea agreement.

## B.  The New Offenses in 2011

The court set a modification hearing for February 25, 2010, but the hearing was continued 11 times until June 2011. Apparently, defendant was not called upon to testify in the other prosecution during that time period. When the modification hearing was continued again to July 2011, defendant was arrested for a new violation in another matter.

On October 27, 2011, the court held an evidentiary hearing to determine whether defendant had violated the law and the terms of his plea agreement. The victim, Consuelo Zamora, age 87, testified that, on June 20, 2011, defendant had gained entry to her home by posing as a gas company employee. He brandished a gun and threatened Zamora's granddaughter. He took $140 cash, Zamora's jewelry, and her debit card and PIN number. Defendant later used the credit card at a shoe store. He admitted his involvement, including withdrawing $2,000 from bank ATMs. He had used heroin that day with his cohort in the crime. The court found that, while defendant was

5

out of custody, he had used heroin and was involved in the robbery of an 87-year-old woman, thus violating the law, the terms of his plea agreement, and the *Vargas* waiver.

At the February 2012 sentencing hearing, the court noted that it had read and considered the presentence investigation report. The court stated that it considered the crimes that defendant committed were very serious. The court reinstated the previously-suspended sentence of 75 years to life in state prison.

III

THE COURT'S AUTHORITY TO SUSPEND EXECUTION OF

DEFENDANT'S SENTENCE

Defendant asserts the court imposed an unauthorized sentence by suspending the execution of his sentence without striking the prior convictions. Defendant calls the procedure, a "sentencing gimmick, resulting in [defendant] having a life sentence suspended for an indefinite period . . . in violation of law." Instead, defendant urges the court should have exercised its discretion to strike his prior convictions. Otherwise, he contends the court had no authority to suspend the execution of his sentence or grant probation. (§§ 667, subd. (c)(2); 1170.12, subd. (a)(2); *People v. Superior Court* (*Roam*) (1999) 69 Cal.App.4th 1220, 1223-1224, 1229-1231.)

*Roam* does not apply in this case: "*Roam* did not involve a *Vargas* waiver but the court's suspension of the imposition of sentence and the release of the defendant on 'supervised own recognizance' expressly to allow the defendant to attend a rehabilitation program. (*Roam, supra*, [69 Cal.App.4th] at p. 1229.) The appellate court in *Roam* held that this arrangement was the equivalent of an informal grant of probation. (*Id.* at p.

6

1230.)  This case is distinguishable because here the court imposed sentence and suspended execution of the sentence in accordance with defendant's plea agreement and *Vargas* waiver." (*People v. Carr* (2006) 143 Cal.App.4th 786, 789.)

The trial court did not lack fundamental jurisdiction but acted according to the terms of the plea agreements, which were knowingly and willingly entered into by defendant who received the benefit of his bargain.  The California Supreme Court made clear in *People v. Hester* (2000) 22 Cal.4th 290, 295:  "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception:  Where the defendants have pled guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with courts by attempting to better the bargain through the appellate process."

California courts have regularly applied estoppel or waiver principles to reject challenges to plea bargains.  (See, e.g., *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1550, 1552; *People v. Jones* (1989) 210 Cal.App.3d 124, 132, 133; see also *People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123.)

Here, defendant faced eight counts, two sentence enhancements, two prison priors and two prior strike convictions.  In exchange for pleading guilty to two counts of possession of a controlled substance and one count of grand theft and admitting the two strike priors, the prosecution dismissed the remaining five counts, enhancements, and

prison priors. The parties agreed that the sentence of 75 years to life would be suspended and defendant released on his own recognizance. The parties further agreed that, if defendant complied with the terms of the plea agreements, the trial court had the discretion to modify his sentence at a later date, including by striking his prior convictions. Defendant accepted this bargain without objection and was released on his own recognizance from November 2009 until June or July 2011. Because defendant has already received the benefit of the bargain, he is estopped from raising this claim of error on appeal.

Defendant tries to distinguish *Hester* because of the "overall detriment" he incurred as a result of his pleas. Detriment included the possibility the trial court might have dismissed his prior convictions at the time of the pleas. The likelihood the court would have dismissed defendant's prior convictions is based on pure speculation; it is just as likely the court would not have dismissed defendant's priors. The court expressly stated it was under no obligation to strike the prior convictions at a later date and it could ultimately enforce the entire sentence of 75 years to life, even if defendant complied with the plea agreement.

Defendant also objects to the period of the suspension as being indefinite in perpetuity. We disagree that the sentence was indefinite. It was subject to modification once defendant had cooperated with the prosecution. Defendant further contends the court had no power to modify his sentence at a later date, even if he complied with the terms of his agreements. Again, defendant disregards the benefits that he received at the time the plea was entered, which rendered the plea nonillusory. Additionally, even if the

8

court improperly suspended his sentence, the remedy would be to execute the sentence, which was done here at the conclusion of the evidentiary hearing on the new violation. Furthermore, if the trial court lacked jurisdiction to modify the sentence at a later date, the correct remedy would not be reversal of the convictions but to enforce the terms of the plea agreement against the court and for the court to consider whether to resentence defendant as required by the plea agreement. Of course, that is exactly what happened when the court exercised its discretion to execute the sentence originally imposed.

*People v. Turrin* (2009) 176 Cal.App.4th 1200 and *People v. Stowell* (2003) 31 Cal.4th 1107, cited by defendant, are not pertinent because neither case involved plea bargains. Now that defendant has received the benefit of his bargain, he cannot challenge the court's jurisdiction to suspend execution of his sentence. The court was clearly authorized to impose the three strike combined sentence of 75 years to life—as well as being authorized to strike the prior convictions, and impose a lesser sentence—had it elected to do so. Even if the court exceeded its authority by suspending execution of the sentence, pending defendant's compliance with the terms of the plea agreement, defendant cannot now claim that the bargain exceeded the court's authority.

IV

EXECUTION OF DEFENDANT'S PREVIOUSLY-IMPOSED SENTENCE

Defendant next argues his sentence must be vacated because the court did retain jurisdiction to lift the suspension and impose the previously agreed-upon sentence where the court actually imposed judgment at the time of the plea and did not grant probation. We conclude the trial retained jurisdiction until defendant breached the terms of the plea

9

agreement and the original sentence was executed. As discussed above, defendant is also estopped from challenging the sentence on appeal, because he willingly and knowingly agreed to the terms of the plea agreement and received the benefit of the bargain.

Generally, a trial court loses jurisdiction "to resentence a criminal defendant after execution of sentence has begun." (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) Where a term of imprisonment is imposed, but execution is stayed, "the trial court retains jurisdiction, during the period a stay is in effect and at any time prior to execution of the sentence, to reconsider the sentence and vacate it or impose any new sentence which is not greater than the initial sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 352.)

Here, the sentence was not executed until the court held the *Vargas* hearing and found defendant had breached the plea agreement; the court then executed the sentence previously imposed, which was the same as the initial sentence.

The trial court was also authorized to enforce the terms of the plea agreement. (*People v. Collins* (1996) 45 Cal.App.4th 849, 863, citing *People v. Collins* (1978) 21 Cal.3d 208, 214-215.) When defendant breached the plea agreement, the court kept jurisdiction to execute the sentence previously imposed.

V

INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant has the burden to prove he received ineffective assistance of counsel (IAC). (*People v. Fauber* (1992) 2 Cal.4th 792, 831.) Defendant must show trial counsel's performance was deficient, based on an objective standard of reasonableness

10

under prevailing professional norms, and caused prejudice as a result of the substandard performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) "[U]nless the record reflects the reason for counsel's actions or omissions, or precludes the possibility of a satisfactory explanation, [the court] must reject a claim of ineffective assistance raised on appeal." (*People v. Ledesma* (2006) 39 Cal.4th 641, 746.) Prejudice is established by a reasonable probability that the result would have been more favorable to defendant. (*People v. Ledesma* (1987) 43 Cal.3d 171, 271-218.)

Defendant argues there is a reasonable probability that, had counsel made a motion at the time of defendant's plea, the court would have exercised its discretion to strike the priors because defendant's offenses did not warrant a sentence of life in prison. Defendant has not proved prejudice as a matter of demonstrable reality, rather than being based on speculation. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.) As already mentioned, it is just as likely the court would have denied a motion to dismiss and then imposed and executed the 75-year-to-life sentence immediately, depriving defendant of the months of freedom he ultimately enjoyed. We reject defendant's claim of IAC because defendant has not shown prejudice and that he reasonably would have obtained a more favorable result.

VI

THE THREE STRIKES REFORM ACT

After defendant was convicted and sentenced to indeterminate life sentences under the former three strikes law, "the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section

11

1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

Defendant argues that because judgment is not yet final, this court should vacate his sentence and remand the matter to the trial court for resentencing under sections 667 and 1170.12, as amended by the Act. Defendant argues that, under the principles established in *In re Estrada* (1965) 63 Cal.2d 740, he is entitled to automatic, nondiscretionary resentencing. Under *Estrada*, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature having deemed its former penalty too severe) unless there is a "saving clause" providing for prospective application. (*Id.* at pp. 742, 745, 748.)

12

The same argument was rejected in *Yearwood*, holding the *Estrada* rule does not apply to Proposition 36 because section 1170.126 operates as the functional equivalent of a "saving clause" and defeats the presumption of retroactivity.  Thus, *Yearwood* determined the voters intended a petition for recall of sentence to be the sole remedy available for prisoners who were serving an indeterminate life sentence imposed under the former three strikes law on Proposition 36's effective date without regard to the finality of judgment.  (*People v. Yearwood, supra,* 213 Cal.App.4th at pp. 171-172.)  Accordingly, the *Yearwood* court held Proposition 36 cannot be interpreted to require automatic resentencing.  (*Id.* at p. 176.)  For the reasons stated in *Yearwood*, we reject defendant's argument.  There is no further need to address the issue, which is currently pending before our Supreme Court.  (See, e.g., *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275 [holding the Act is not retroactive]; *People v. Lewis* (2013) 216 Cal.App.4th 468, review granted Aug. 14, 2013, S211494.)

VII

DISPOSITION

All of defendant's challenges to his sentence fail.  We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

13