Filed 4/14/16  P. v. McBride CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES MILNE MCBRIDE, JR.,<br><br>    Defendant and Appellant. | C077484<br><br>(Super. Ct. No. 13F7890) |

Defendant Charles Milne McBride, Jr., pleaded no contest to being a felon in possession of a firearm.  After the trial court found defendant in violation of his *Cruz*[1] waiver, the court sentenced him to serve 16 months in state prison.  Defendant appeals.

Defendant's sole contention on appeal is that the trial court violated his plea agreement "because the record contains no evidence that [defendant's] failure to appear was willful."  We conclude the record contains no evidence regarding the willfulness of defendant's failure to appear because defendant declined the trial court's invitation to

---

[1]    *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

1

hear argument regarding his *Cruz* waiver violation. Accordingly, defendant has forfeited his right to raise the issue on appeal. We affirm the judgment.

BACKGROUND[2]

Defendant pleaded no contest to being a felon in possession of a firearm. In exchange, the People agreed defendant would be granted probation. As part of the negotiated plea agreement, the People agreed defendant could be released on his own recognizance and defendant agreed if he failed to appear for his probation interview or for sentencing, "the plea [would] remain intact but the sentence [would] not." The trial court would then be free to sentence defendant to the "maximum sentence allowed by law on the charge(s) to which [he] . . . pled."

On January 28, 2014, defendant failed to appear for his pre-sentence interview with the probation department and defendant's probation officer was unable to locate him. Then, on February 25, 2014, defendant failed to appear for sentencing. Accordingly, the trial court revoked defendant's release on his own recognizance and issued a warrant for his arrest.

Defendant was subsequently arrested and brought to court for sentencing on June 25, 2014. The trial court advised defendant as follows: "This is the time and place set for sentencing. Before I ask if you want to proceed I can tell you this. My review of the file indicated that [defendant] had failed to appear at sentencing. There was a Cruz waiver. So any negotiated dispositions no longer apply. My indication is to sentence him to 16 months state prison. The recommendation was for probation. You want to proceed with argument with that indication or you want to set a hearing or what would you like to do?

"[DEFENSE COUNSEL]: Let's set a hearing, Your Honor.

---

**2**    We omit a recitation of the facts underlying defendant's conviction as they are not relevant to the issue on appeal.

2

"THE COURT: Okay. You want a [Penal Code section] 1204 hearing?

"[DEFENSE COUNSEL]: Yes, please."

The trial court then set a hearing pursuant to Penal Code section 1204, at which defendant would be allowed to present evidence in aggravation or mitigation of his sentence.

On July 8, 2014, the following colloquy took place on the record: "Your honor, this was on for a confirmation of a [Penal Code section] 1204 hearing. Judge Ruggiero indicated a 16-month prison sentence. [Defendant] is willing to accept that.

"THE COURT: All right.

"[DEFENSE COUNSEL]: And the only thing is we would ask if we could do sentencing on August 5th.

"THE COURT: All right. The People have any issues with that?

"[THE PEOPLE]: No, your Honor."

On August 5, 2014, defense counsel advised the court: "This is [defendant] and it's a stipulated 16-month state prison sentence." Defendant waived arraignment and the trial court revoked defendant's probation in an unrelated matter. The trial court then asked both the People and defense counsel for "comments." Both submitted the matter without comment. The trial court then sentenced defendant to serve 16 months in state prison. The court also ordered defendant to pay various fines and fees and awarded him 172 days of custody credit.

## DISCUSSION

Defendant contends the trial court violated his plea agreement by finding him in violation of his *Cruz* waiver and sentencing him to serve 16 months in prison without any evidence his failure to appear at sentencing was willful. In support of his contention, defendant argues, while there can be an implied finding he willfully failed to appear at sentencing, such a finding must be supported by substantial evidence and here, there was

3

no evidence. Thus, he argues, we should vacate his sentence and remand the matter for further proceedings. We are not persuaded.

Defendant is entitled to "adequate notice and ample opportunity to prepare and mount a defense to the allegation that he violated" his *Cruz* waiver by failing to appear at his probation interview and again at sentencing. (See *People v. Carr* (2006) 143 Cal.App.4th 786, 791-792 [ruling the same with a waiver under *People v. Vargas* (2007) 148 Cal.App.4th 644].) Defendant had both notice and opportunity to argue his failure to appear at the probation interview and at sentencing was not willful.

Defendant was notified in the written plea agreement and in open court of the consequences of failing to appear for his probation interview or for sentencing. Defendant initialed the relevant paragraph in the plea form and signed the form. The trial court reviewed the *Cruz* waiver with defendant on the record, affirming defendant understood the terms of the waiver.

Then, after defendant's release on his own recognizance was revoked, when he was brought before the court for sentencing, the trial court indicated defendant violated his *Cruz* waiver, noted the tentative sentence was 16 months in state prison, and asked defendant: "You want to proceed with argument *with that indication* or you want to set a hearing or what would you like to do?" (Italics added.) Defendant responded he wanted a Penal Code section 1204 hearing set, at which he would be able to present evidence in aggravation or mitigation of his sentence.

Despite defendant's claims on appeal, the absence of evidence related to his failure to appear and whether it was willful is a result of defendant's decision not to have a formal hearing regarding his *Cruz* waiver violation but to set a Penal Code section 1204 hearing. On this record, we conclude defendant had notice and an adequate opportunity to present evidence his failure to appear at the probation interview and at sentencing was not willful. Thus, defendant forfeited the issue on appeal. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218-1219 [claims of error relating to sentences otherwise

4

permitted by law but imposed in a procedurally or factually flawed manner are forfeited on appeal if not first raised in the trial court].)

DISPOSITION

The judgment is affirmed.


                                        /s/
                                    HOCH, J.



We concur:



        /s/
BLEASE, Acting P. J.



        /s/
RENNER, J.


5